Clyde Hubler, Appellee, v. Fred W. Gates et al., Appellants.

No. 39882.

March 18, 1930.

*W. D. Kearney,* for appellants.

*W. T. Bennett,* for plaintiff, appellee.

*C. H. E. Boardman* and *H. G. Cartwright,* for defendants, appellees.

Wagner, J.—By agreement of all the parties, this cause of action was tried as an equitable action.

Clyde Hubler, the minor, is 19 years of age. On August 16, 1928, said minor was the owner of a 1918 Ford touring car. It is not shown by the record whether the Gates Used Car Exchange and Lukavsky Auto Sales Company are corporations or partnerships; but they were engaged in business in the city of Marshalltown, Fred W. Gates being connected with the former,

and F. J. Lukavsky with the latter. On August 16, 1928, the minor entered into a contract of exchange for a Chrysler automobile owned by the Lukavsky concern. At that time, there was transferred to him by the Lukavsky Auto Sales Company the Chrysler car, and the minor gave in exchange therefor his old Ford car, $30 in cash, and his note for the difference between the agreed values of the Chrysler and Ford cars. A few days later, the minor disaffirmed the contract, returned the Chrysler car, and brought this action, to recover what he had given in exchange for said car. His note had been transferred, but was procured and surrendered by the Lukavsky Auto Sales Company at the trial, and was by the decree canceled. The trial court rendered judgment against all of the defendants for the sum of $130 and costs. From this judgment Fred W. Gates and the Gates Used Car Exchange appeal.

The 1918 Ford car was not returned to the minor, but evidence was taken as to its value at the time of the transaction; and it is apparent that the amount of the judgment is the $30 cash paid at the time of the exchange of cars and the additional amount of $100 found by the trial court to be the value of the old Ford car.

We are not favored with a brief and argument in behalf of the appellee. It is the contention of the appellants that the judgment as against them is unwarranted, because, as claimed, the Gates concern did not contract for itself, and was in no way interested as principal, but acted only as agent for the Lukavsky concern. It is a well recognized rule of law that an agent who purports to enter into a contract for a disclosed principal is in no way liable on the contract, unless the terms of the contract itself provide for such liability, or unless the agent exceeds his authority, or is guilty of some fraud in the transaction. See *Emmert v. Jelsma & Holdebrand*, 191 Iowa 424. As is well stated in *Jester v. Gray*, 188 Iowa 1249, at 1258:

"It is elementary that an agent is not ordinarily liable for the contract of his principal. It is only when he conceals the agency or withholds the name of his principal or exceeds authority or is guilty of some fraud as an inducement to the contract that a liability may arise as against him."

The record clearly reveals that the Gates concern was acting

only as the agent of the Lukavsky concern; that the minor was fully informed of this fact; that Gates was only the means of bringing Lukavsky and the minor together; that Gates acted within, and did not exceed, his authority. The minor went to the place of business of the Lukavsky Auto Sales Company, where, and to which company, he paid the $30 in cash, and executed his note, and with which company the exchange of automobiles was made. No other conclusion can be reached from a careful reading of the record than that in the transaction Gates, or the Gates Used Car Exchange, was acting only as agent for the Lukavsky Auto Sales Company, of which fact the minor was fully informed. While, upon disaffirmance of the contract, the minor was entitled to all that he gave for the Chrysler automobile, he was only entitled to receive it from the Lukavsky concern, the one with which he dealt, and not from its agent. It is quite apparent that the judgment against the appellants is unwarranted, and without authority of law.

For the foregoing reasons, the judgment of the trial court against the appellants is reversed.—*Reversed.*

MORLING, C. J., and STEVENS, DE GRAFF, and ALBERT, JJ., concur.